IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ABDULLAH AHMAD JUMADAR,

     Petitioner,

v.                                           No. 2:26-cv-00159-KG-JMR

DORA CASTRO, et al.,

     Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Abdullah Ahmad Jumadar's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 8. Because Petitioner's challenge presents purely legal questions, the Court declines to hold a hearing, 28 U.S.C. § 2243, grants the motion, Doc. 8, and denies the petition without prejudice, Doc. 1.

### I.    *Background*

Mr. Ahmad Jumadar, a citizen of Afghanistan, was arrested in the Rio Grande Valley, Texas Border Patrol Sector in March 2025 pending expedited removal. Doc. 8 at 1. On March 24, 2025, he was referred for a credible fear assessment and subsequent asylum claim. *Id.* at 2. On October 9, 2025, "the U.S. Immigration Court denied Petitioner's asylum claim and ordered him removed to Afghanistan." *Id.* Mr. Jumadar waived his right to appeal, making his removal order administratively final on the same day. *Id.* He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 1.

Mr. Jumadar filed this pro se habeas petition under 28 U.S.C. § 2241 on January 26. Doc. 1. He challenges his final deportation order and requests the Court "order to release me

1

with social security number [and] work permit to help me survive in US [and] start my life."

Doc. 1 at 7.  Mr. Jumadar argues that his continued detention is outside of "the six month

presumptively reasonable period for removal."  *Id.* at 6.  The Government argues that Mr.

Jumadar's "continued detention to effectuate removal is lawful" and that his detention "fails to

state a plausible *Zadvydas* claim" and that Mr. Jumadar "has provided no authority that...would

entitle him to *release* via habeas."  Doc. 8 at 5–6.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical

confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is

available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the

United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 687.  "[H]abeas relief is

available only in the district of confinement."  *Gamez Lira v. Noem*, 2025 WL 2581710, at *2

(D.N.M.).

When "an applicant for admission" is "seeking admission" and "not clearly and beyond a

doubt entitled to be admitted," the noncitizen "shall be detained" for removal proceedings.  8

U.S.C. § 1225 (b)(2)(A).  This provision affords no bond hearing.  *See Salazar v. Dedos*, 2025

WL 2676729, at *3 (D.N.M.).

A noncitizen's detention status transitions to the administrative "removal period" of

§ 1231 on the latest of three events:

> (i) The date the order of removal becomes administratively final.

> (ii) If the removal order is judicially reviewed and if a court orders
> a stay of the removal of the [noncitizen], the date of the court's final
> order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(A).

### III.    Analysis

After reviewing the record and applicable legal authority, the Court concludes that Mr. Jumadar fails to meet the standards set out in *Zadvydas* and that his petition is therefore denied without prejudice.

"[T]he Government ordinarily secures" a noncitizen's removal during the 90 days after issuing a final order for the person to be removed.  *Zadvydas*, 533 U.S. at 682; *see* 8 U.S.C. § 1231(a)(1).  During that 90-day removal period, the noncitizen is typically detained.  *Zadvydas*, 533 U.S. at 682.  After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal.  *Id.*; *see* 8 U.S.C. § 1231(a)(6).

Because a statute permitting a noncitizen's "indefinite detention" would violate due process, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."  *Zadvydas*, 533 U.S. at 690, 699.  A six-month detention period, the Supreme Court held, is presumptively reasonable.  *Id*. at 701.  After that, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government "must…rebut that showing" or release the noncitizen.  *Id*. at 701.  "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the reasonably foreseeable future…shrink[s]."  *Id.*  The remedy for a due process violation under *Zadvydas* is typically release of the petitioner under conditions of supervision.  *E.g.*, *Gomez v. Mattos*, 2025 WL 3101994, at *7 (D. Nev.); *Trejo v. Warden of ERO*, 2025 WL 2992187, at *10 (W.D. Tex.); *Douglas v. Baker*, 2025 WL 2997585, at *5 (D. Md.).

Under these principles, the Court denies Mr. Jumadar's habeas petition without prejudice. As of the date of this order, Petitioner has been detained for under approximately four months since his order of removal became administratively final on October 9, 2025, which is under the presumptively reasonable six-month period of detention that *Zadvydas* recognized.  Attempting to get around this issue, Mr. Jumadar applies the *Zadvydas* timer to his original arrest.  *See* Doc. 1 at 6 ("I am in detention [for] almost 1 year...[t]he six month presumptively reasonable period for removal efforts has expired.").  Mr. Jumadar's removal order became administratively final in October and his § 1231 detention, and the *Zadvydas* timer, began on that date.  Mr. Jumadar's argument therefore does not persuade the Court, and the petition is denied without prejudice to its refiling after the *Zadvydas'* presumptively reasonable six-month period expires.

## IV.    Conclusion

The Government's Motion to Dismiss Petitioner's Writ of Habeas Corpus, Doc. 8, is granted, and Mr. Jumadar's Petition for a Writ of Habeas Corpus, Doc. 1, is denied without prejudice.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.